1

2

3                                                    FILED IN THE
                                                  U.S. DISTRICT COURT
                                              EASTERN DISTRICT OF WASHINGTON

4                                              Sep 14, 2018

                                                SEAN F. McAVOY, CLERK

5              UNITED STATES DISTRICT COURT

6             EASTERN DISTRICT OF WASHINGTON

7    STEVEN M.,                          No. 2:17-cv-00193-FVS

8                    Plaintiff,          REPORT AND
                                         RECOMMENDATION TO GRANT
9        vs.                             PLAINTIFF'S MOTION FOR
                                         SUMMARY JUDGMENT AND TO
10   COMMISSIONER OF SOCIAL              DENY DEFENDANT'S MOTION
     SECURITY,                           FOR SUMMARY JUDGMENT
11                   Defendant.
                                         ECF Nos. 9, 11
12

13        BEFORE THE COURT are the parties' cross-motions for summary

14   judgment.  ECF Nos. 9, 11.  This matter has been referred to the undersigned

15   magistrate judge for issuance of a report and recommendation.  ECF No. 13.  The

16   Court, having reviewed the administrative record and the parties' briefing, is fully

17   informed.  For the reasons discussed below, IT IS RECOMMENDED Plaintiff's

18   Motion, ECF No. 9, be granted and Defendant's Motion, ECF No. 11, be denied.

19

20

REPORT AND RECOMMENDATION - 1

1

**JURISDICTION**

2  The Court has jurisdiction over this case pursuant to 42 U.S.C. § 405(g).

3

**STANDARD OF REVIEW**

4  A district court's review of a final decision of the Commissioner of Social

5  Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is

6  limited; the Commissioner's decision will be disturbed "only if it is not supported

7  by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153,

8  1158 (9th Cir. 2012). "Substantial evidence" means "relevant evidence that a

9  reasonable mind might accept as adequate to support a conclusion." *Id*. at 1159

10  (quotation and citation omitted). Stated differently, substantial evidence equates to

11  "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and

12  citation omitted). In determining whether the standard has been satisfied, a

13  reviewing court must consider the entire record as a whole rather than searching

14  for supporting evidence in isolation. *Id.*

15  In reviewing a denial of benefits, a district court may not substitute its

16  judgment for that of the Commissioner. *Edlund v. Massanari*, 253 F.3d 1152,

17  1156 (9th Cir. 2001). If the evidence in the record "is susceptible to more than one

18  rational interpretation, [the court] must uphold the ALJ's findings if they are

19  supported by inferences reasonably drawn from the record." *Molina v. Astrue,* 674

20  F.3d 1104, 1111 (9th Cir. 2012). Further, a district court "may not reverse an

REPORT AND RECOMMENDATION - 2

1    ALJ's decision on account of an error that is harmless." *Id*.  An error is harmless

2    "where it is inconsequential to the [ALJ's] ultimate nondisability determination."

3    *Id*. at 1115 (quotation and citation omitted).  The party appealing the ALJ's

4    decision generally bears the burden of establishing that it was harmed.  *Shinseki v.*

5    *Sanders*, 556 U.S. 396, 409-10 (2009).

6                              **FIVE-STEP EVALUATION PROCESS**

7          A claimant must satisfy two conditions to be considered "disabled" within

8    the meaning of the Social Security Act.  First, the claimant must be "unable to

9    engage in any substantial gainful activity by reason of any medically determinable

10   physical or mental impairment which can be expected to result in death or which

11   has lasted or can be expected to last for a continuous period of not less than twelve

12   months."  42 U.S.C. § 423(d)(1)(A).  Second, the claimant's impairment must be

13   "of such severity that he is not only unable to do his previous work[,] but cannot,

14   considering his age, education, and work experience, engage in any other kind of

15   substantial gainful work which exists in the national economy."  42 U.S.C. §

16   423(d)(2)(A).

17         The Commissioner has established a five-step sequential analysis to

18   determine whether a claimant satisfies the above criteria.  *See* 20 C.F.R. §

19   404.1520(a)(4)(i)-(v).  At step one, the Commissioner considers the claimant's

20   work activity.  20 C.F.R. § 404.1520(a)(4)(i).  If the claimant is engaged in

REPORT AND RECOMMENDATION - 3

1  "substantial gainful activity," the Commissioner must find that the claimant is not

2  disabled.  20 C.F.R. § 404.1520(b).

3      If the claimant is not engaged in substantial gainful activity, the analysis

4  proceeds to step two.  At this step, the Commissioner considers the severity of the

5  claimant's impairment.  20 C.F.R. § 404.1520(a)(4)(ii).  If the claimant suffers

6  from "any impairment or combination of impairments which significantly limits

7  [his] physical or mental ability to do basic work activities," the analysis proceeds

8  to step three.  20 C.F.R. § 404.1520(c).  If the claimant's impairment does not

9  satisfy this severity threshold, however, the Commissioner must find that the

10  claimant is not disabled.  20 C.F.R. § 404.1520(c).

11      At step three, the Commissioner compares the claimant's impairment to

12  severe impairments recognized by the Commissioner to be so severe as to preclude

13  a person from engaging in substantial gainful activity.  20 C.F.R. §

14  404.1520(a)(4)(iii).  If the impairment is as severe or more severe than one of the

15  enumerated impairments, the Commissioner must find the claimant disabled and

16  award benefits.  20 C.F.R. § 404.1520(d).

17      If the severity of the claimant's impairment does not meet or exceed the

18  severity of the enumerated impairments, the Commissioner must pause to assess

19  the claimant's "residual functional capacity."  Residual functional capacity (RFC),

20  defined generally as the claimant's ability to perform physical and mental work

REPORT AND RECOMMENDATION - 4

activities on a sustained basis despite his limitations, 20 C.F.R. § 404.1545(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he has performed in the past (past relevant work). 20 C.F.R. § 404.1520(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 404.1520(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. § 404.1520(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and past work experience. 20 C.F.R. § 404.1520(a)(4)(v). If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 404.1520(g)(1). If the claimant is not capable of adjusting to other work, analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. 20 C.F.R. § 404.1520(g)(1).

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is

REPORT AND RECOMMENDATION - 5

capable of performing other work; and (2) such work "exists in significant numbers in the national economy."  20 C.F.R. § 404.1560(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

Plaintiff applied for disability insurance benefits on July 10, 2013, alleging an onset date of October 8, 2002.  Tr. 151-59.  Benefits were denied initially, Tr. 99-101, and upon reconsideration.  Tr. 105-09.  Plaintiff appeared for a hearing before an administrative law judge (ALJ) on November 25, 2015.[1]  Tr. 40-83.  On January 12, 2016, the ALJ denied Plaintiff's claim.  Tr. 16-35.

At step one, the ALJ found Plaintiff did not engage in substantial gainful activity during the period from his alleged onset date of October 8, 2002 through his date last insured of September 30, 2011.  Tr. 21.  At step two, the ALJ found that through the date last insured, Plaintiff had the following severe impairments: cervical disc bulge and degenerative disc disease of the lumbar spine with chronic low back pain, left knee pain status post multiple surgeries, obesity, and costochondral pain.  Tr. 21.  At step three, the ALJ found that through the date last

---

[1] The hearing transcript indicates the hearing took place on November 25, 2016. Tr. 40.  This was error.  The correct date of the hearing was November 25, 2015, as noted in the ALJ's decision.

REPORT AND RECOMMENDATION - 6

insured, Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of a listed impairment. Tr. 23. The ALJ then concluded that, through the date last insured, Plaintiff had the RFC to perform light work as defined in 20 CFR 404.1567(b) except:

> [H]e could stand and/or walk only four hours total in an eight-hour workday; he could only occasionally reach overhead; he could only occasionally push and pull with the upper extremities; he could not climb ladders, ropes, or scaffolds, and could perform all other postural activities only occasionally; and he could have no exposure to vibration or hazards, such as unprotected heights and moving mechanical parts.

Tr. 24. At step four, the ALJ found that, through the date last insured, Plaintiff was capable of performing past relevant work as a sales insurance agent and buyer. Tr. 28. In the alternative, at step five, the ALJ found that considering Plaintiff's age, education, work experience, and RFC, there were other jobs that existed in significant numbers in the national economy that the Plaintiff could perform, including: storage facility rental clerk, furniture rental consultant, and deliverer, outside. Tr. 29. The ALJ concluded Plaintiff was not under a disability, as defined in the Social Security Act, at any time from October 8, 2002, alleged onset date, through September 30, 2011, the date last insured. Tr. 30.

On April 19, 2017, the Appeals Council denied review, Tr. 1-6, making the ALJ's decision the Commissioner's final decision for purposes of judicial review. *See* 42 U.S.C. § 1383(c)(3); 20 C.F.R. §§ 404.981, 422.210.

REPORT AND RECOMMENDATION - 7

1

**ISSUES**

2        Plaintiff seeks judicial review of the Commissioner's final decision denying

3    him disability insurance benefits under Title II of the Social Security Act.  ECF

4    No. 9.  Plaintiff raises the following issue for this Court's review: whether the ALJ

5    properly weighed the medical opinion evidence.[2]  ECF No. 9 at 6.

6

**DISCUSSION**

7        Plaintiff faults the ALJ for discounting the Department of Veteran's Affairs

8    (VA) disability determination; and the opinions of testifying medical expert

9    Reuben Beezy, M.D.  ECF No. 9 at 7-21.

10        There are three types of physicians: "(1) those who treat the claimant

11    (treating physicians); (2) those who examine but do not treat the claimant

12    (examining physicians); and (3) those who neither examine nor treat the claimant

13    [but who review the claimant's file] (nonexamining [or reviewing] physicians)."

14    *Holohan v. Massanari*, 246 F.3d 1195, 1201-02 (9th Cir. 2001) (citations omitted).

15    _____

16    [2] Plaintiff's Motion for Summary Judgment does not comply with the Local Rules.

17    Local Rule 7.1(e) mandates that dispositive motions shall not exceed 20 pages;

18    Local Rule 10.1 mandates that all documents use of a typeface of 14 points or

19    more.  The Court advises Plaintiff that continued violation of the Local Rules will

20    result in briefs being struck for non-compliance.

REPORT AND RECOMMENDATION - 8

Generally, a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a reviewing physician's. *Id.* at 1202. "In addition, the regulations give more weight to opinions that are explained than to those that are not, and to the opinions of specialists concerning matters relating to their specialty over that of nonspecialists." *Id.* (citations omitted).

If a treating or examining physician's opinion is uncontradicted, the ALJ may reject it only by offering "clear and convincing reasons that are supported by substantial evidence." *Bayliss v. Barnhart,* 427 F.3d 1211, 1216 (9th Cir. 2005). "However, the ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory and inadequately supported by clinical findings." *See Bray v. Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009) (internal quotation marks and brackets omitted). "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Bayliss*, 427 F.3d at 1216 (citing *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995)).

### 1.  VA Disability Determination

Plaintiff contends the ALJ improperly rejected the VA's disability determination that he was 100% unemployable, based on a combined service-

REPORT AND RECOMMENDATION - 9

connected disability rating of 70%.  ECF No. 9 at 18-21.  An ALJ must ordinarily give great weight to a VA determination of disability "because of the marked similarities between" the VA and SSA as "federal disability programs."  *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002) ("Both programs serve the same governmental purpose—providing benefits to those unable to work because of a serious disability.  Both programs evaluate a claimant's ability to perform full-time work in the national economy on a sustained and continuing basis; both focus on analyzing a claimant's functional limitations; and both require claimants to present extensive medical documentation in support of their claims.  Both programs have a detailed regulatory scheme that promotes consistency in adjudication of claims.  Both are administered by the federal government, and they share a common incentive to weed out meritless claims.  The VA criteria for evaluating disability are very specific and translate easily into SSA's disability framework.").  However, "[b]ecause the VA and SSA criteria for determining disability are not identical, [] the ALJ may give less weight to a VA disability rating if he gives persuasive, specific, valid reasons for doing so that are supported by the record."  *Id.*

Here, the ALJ noted "the record also includes a certificate of release or discharge from active duty form showing that [Plaintiff] retired from military service because of a permanent physical disability.  Similarly, a letter dated February 5, 2014 reflects a finding by the Department of Veterans Affairs that

REPORT AND RECOMMENDATION - 10

1 [Plaintiff] is unemployable because of his service-connected disabilities."[3]  Tr. 27

2 (citing Tr. 178, 235, 238).  The ALJ accorded this evidence "little to no weight" for

3 the following reasons: (1) "the issue of whether [Plaintiff] is disabled within the

4 meaning of the Social Security Act is an issue that is reserved to the

5 Commissioner;" and (2) the VA's 2014 opinion regarding unemployability post-

6 dates the date last insured by more than two years."  Tr. 28.  The Court finds

7 neither of these reasons are persuasive, specific, and valid reasons to reject the

8 VA's determination of disability.  As an initial matter, regardless of the ultimate

9 finding of disability being reserved to the Commissioner, the ALJ entirely fails to

10 consider the service-connected disability rating of 70% assessed by the VA, as

11 discussed in detail below.  Thus, this general statement cannot be a persuasive,

12 specific and valid reason to reject the VA evidence, which is generally to be

13 accorded great weight *because of* the similarities between the VA and SSA federal

14 _____

15 [3] The ALJ references a letter from the Department of the Army indicating that

16 Plaintiff retired from active duty because of physical disability.  Tr. 178, 235.

17 However, this evidence does not include any determination of disability by the VA

18 that would "ordinarily" be entitled to great weight, nor does the cited evidence

19 assert that Plaintiff was incapable of work.  Thus, the Court is unable to discern the

20 relevance of this evidence as a reason to discount the VA disability determination.

REPORT AND RECOMMENDATION - 11

disability programs. *See McCartey*, 298 F.3d at 1076. Moreover, as noted by

Plaintiff, while the 2014 letter cited by the ALJ is dated more than two years after

Plaintiff's date last insured, the ALJ appears to misconstrue this letter as finding

Plaintiff "100% unemployable beginning only as of 2014." ECF No. 9 at 19

(citing Tr. 238-39). However, a plain reading the 2014 letter confirms that it was

intended only as a "summary of benefits [Plaintiff] currently receive[s] … to use in

applying for benefits … or any other program or entitlement in which verification

of VA benefits is required;" and, as noted by Plaintiff, the letter does not discuss an

onset date of disability. Tr. 238. More notably, while not considered by the ALJ,

the record does include evidence from the relevant adjudicatory period, that as of

2002, and again in 2010, the Plaintiff was considered 100% unemployable by the

VA based upon his combined service-connected impairment rating of 70%. *See*

Tr. 173-74, 368-69. Thus, the ALJ's reliance on the 2014 "summary of benefits"

letter is not a persuasive, specific, and valid reason to discount the VA's

determination of disability. Moreover, as noted by Plaintiff, the ALJ failed to

consider Plaintiff's combined service-connected disability rating of 70%, and

concurrent finding that Plaintiff was 100% unemployable due to those service-

connected disabilities. ECF No. 9 at 20. On remand, the ALJ must consider the all

the evidence of VA disability determinations from the adjudicatory period, and

REPORT AND RECOMMENDATION - 12

1  provide legally sufficient reasons for evaluating this evidence, supported by

2  substantial evidence.

3      **B. Reuben Beezy, M.D.**

4      Plaintiff argues the ALJ erred by rejecting (1) Dr. Beezy's testimony that

5  Plaintiff's claimed cervical spine impairment equaled Listing 1.04A, disorders of

6  the spine; and (2) Dr. Beezy's testimony that Plaintiff could perform "at least"

7  sedentary work.  Tr. 53.

8      First, Listing 1.04A requires that a claimant has disorder of the spine "(e.g.,

9  herniated nucleus polposus, spinal arachnoiditis, spinal stenosis, osteoarthritis,

10  degenerative disc disease, facet arthritis, vertebral fracture), resulting in

11  compromise of a nerve root (including the cauda equina) or the spinal cord.

12  With …. [e]vidence of nerve root compression characterized by neuro-anatomic

13  distribution of pain, limitation of motion of the spine, motor loss (atrophy with

14  associated muscle weakness or muscle weakness) accompanied by sensory or

15  reflex loss." *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 1.04A.  Dr. Beezy testified

16  that Plaintiff equaled Listing 1.04A, based on the 2002 MRI results, and Plaintiff's

17  symptoms of neck pain with radiation.  Tr. 48, 392-93.  The ALJ accorded this

18  opinion little weight because "it is inconsistent with his later testimony in which he

19  opined that [Plaintiff] was capable of doing at least sedentary work.  His testimony

20  in this regard was also not well-reasoned given that he was unable to identify any

REPORT AND RECOMMENDATION - 13

1  neurological deficits or any other factor that would compensate for the absence of

2  such deficits."  Tr. 24, 53-55.  As an initial matter, the mere fact that Dr. Beezy

3  testified that Plaintiff was capable of doing sedentary work when asked at the

4  hearing to opine as to his functional limitations, is not necessarily inconsistent with

5  Dr. Beezy's earlier testimony that Plaintiff's cervical spine impairment was

6  equivalent to Listing 1.04A.  *See, e.g., Kosmicki v. Comm'r Soc. Sec.*, 2:17-CV-

7  0040-JTR, 2018 WL 651339 at *3-4  (January 31, 2018).  Given this case is

8  remanded on other grounds, on remand, the ALJ should address how these findings

9  are inconsistent.  That said, the ALJ did correctly note that Dr. Beezy's testimony

10  that Plaintiff's cervical spine impairment equaled Listing 1.04A was inconsistent

11  with Dr. Beezy's inability, when questioned by the ALJ, to identify neurological

12  deficits in the record previous to the 2011 date last insured, such as "weakness and

13  sensory disturbance as required by the listing."  Tr. 24, 52-55; *see Morgan v.*

14  *Comm'r Soc. Sec. Admin.*, 169 F.3d 595, 603 (9th Cir. 1999) (internal

15  inconsistencies within a physician's report constitute relevant evidence when

16  weighing medical opinions).  "For a claimant to show that his impairment matches

17  a listing, it must meet *all* of the specified medical criteria.  An impairment that

18  manifests only some of those criteria, no matter how severely, does not qualify."

19  *Sullivan v. Zebley,* 493 U.S. 521, 530, 110 S.Ct. 885, 107 L.Ed.2d 967 (1990)

20  (emphasis in original).  Thus, it was reasonable for the ALJ to rely on

REPORT AND RECOMMENDATION - 14

1    inconsistencies in Dr. Beezy's testimony as a reason to discount his opinion that

2    Plaintiff equaled *all* of the criteria to meet Listing 1.04A, including "limitation of

3    motion of the spine, motor loss (atrophy with associated muscle weakness or

4    muscle weakness) accompanied by sensory or reflex loss." *See* 20 C.F.R. Pt. 404,

5    Subpt. P, App. 1, § 1.04A.

6          Second, Dr. Beezy opined that Plaintiff could do "at least sedentary things

7    such as" lifting less than ten pounds occasionally, standing and walking at least

8    two hours in and eight hour day, and sitting for six hours in an eight hour day.  Tr.

9    53.  Dr. Beezy also testified that Plaintiff would have some limitations of pushing

10   and pulling; and could occasionally kneel, stoop, crouch, and crawl.  Tr. 53.  The

11   ALJ accorded this opinion "little weight" because it "was based primarily on the

12   results of the 2002 imagining exam …, yet he did not provide a satisfactory

13   explanation as to how such evidence was sufficient to support such significant

14   limitations in light of the dearth of clinical correlation, and [Plaintiff's]

15   documented engagement in strenuous physical activity over the years."  Tr. 27.  As

16   an initial matter, the Court may decline to address this issue because Plaintiff's

17   opening brief fails to specifically identify or challenge the ALJ's reasons for

18   rejecting Dr. Beezy's assessed functional limitations.  ECF No. 9 at 15-17; *see*

19   *Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008).

20   First, the ALJ reasonably noted that the severity of the limitations assessed by Dr.

1  Beezy was not supported by the minimal clinical findings during the relevant

2  adjudicatory period.  *See Bray*, 554 F.3d at 1228 (ALJ need not accept the opinion

3  of any physician, including a treating physician, if that opinion is brief, conclusory

4  and inadequately supported by clinical findings).  Second, the ALJ properly noted

5  that Dr. Beezy's opinion was not consistent with Plaintiff's reported physical

6  activity, which included: working in the yard in 2005, lifting a pool table in 2007;

7  rearranging shingles on a roof in 2010; and climbing a ladder and shoveling snow

8  off the roof for several days in 2010.  Tr. 318, 320-21, 332, 348; s*ee Morgan*, 169

9  at 601-02 (ALJ may discount an opinion that is inconsistent with a claimant's

10  reported functioning).  These were specific, legitimate, and entirely unchallenged

11  reasons to discount Dr. Beezy's opinion as to Plaintiff's functional limitations.

12       However, even assuming, *arguendo*, that the ALJ's rejection of Dr. Beezy's

13  expert testimony was supported by substantial evidence; this case must be

14  remanded to properly evaluate the VA ratings evidence, as discussed above.  Thus,

15  the ALJ should reconsider all relevant medical opinion evidence on remand,

16  including any expert or consultative medical opinions.  Moreover, the ALJ in this

17  case rejected all of the opinion evidence in the record, aside from granting "partial

18  weight" to the state agency medical consultant, who opined that Plaintiff had no

19  exertional or non-exertional limitations from the alleged onset date to the date last

20  insured.  Tr. 27, 97.  Thus, Plaintiff argues the ALJ's assessment of Plaintiff's

REPORT AND RECOMMENDATION - 16

1    RFC, including an ability to perform light work "except he could stand and/or walk

2    only four hours total in an 8 hour workday," is not supported by substantial

3    evidence.  ECF No. 12 at 4.  The Court agrees.  Defendant argues that "having no

4    medical opinion in the record correspond to the ALJ's restrictions is not fatal to the

5    ALJ's [RFC] finding;" because the ALJ is solely responsible for considering all of

6    the relevant evidence in the record, including but not limited to medical opinions,

7    and determining Plaintiff's RFC.  ECF No. 11 at 11-13.  However, while

8    Defendant is correct that the RFC finding is the ALJ's responsibility, not the

9    physician's, *see Vertigan v. Halter*, 260 F.3d 1044, 1049 (9th Cir. 2001); the RFC

10   finding must be based on substantial evidence in the record.  Moreover, an

11   examiner's findings should be as comprehensive and analytical as feasible so that a

12   reviewing court may know the basis for the decision.  *Lewin v. Schweiker*, 654

13   F.2d 631, 635 (9th Cir. 1981).  Thus, while the ALJ is permitted to consider the

14   record as a whole when determining Plaintiff's RFC, it is also incumbent upon the

15   ALJ to explain the findings in such a manner that the basis for them is clear.  Here,

16   particularly in light of the wholesale rejection of the medical opinion evidence, the

17   basis for the assessed RFC is unclear and therefore not supported by substantial

18   evidence.  Upon remand, the ALJ must reconsider the medical opinion evidence,

19   and reassess Plaintiff's RFC.

20

REPORT AND RECOMMENDATION - 17

**CONCLUSION**

The decision whether to remand for further proceedings or reverse and award benefits is within the discretion of the district court. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). An immediate award of benefits is appropriate where "no useful purpose would be served by further administrative proceedings, or where the record has been thoroughly developed," *Varney v. Sec'y of Health & Human Servs.*, 859 F.2d 1396, 1399 (9th Cir. 1988), or when the delay caused by remand would be "unduly burdensome[.]" *Terry v. Sullivan*, 903 F.2d 1273, 1280 (9th Cir. 1990); *see also Garrison v. Colvin*, 759 F.3d 995, 1021 (noting that a district court may abuse its discretion not to remand for benefits when all of these conditions are met). This policy is based on the "need to expedite disability claims." *Varney*, 859 F.2d at 1401. But where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find a claimant disabled if all the evidence were properly evaluated, remand is appropriate. *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004); *Harman v. Apfel*, 211 F.3d 1172, 1179-80 (9th Cir. 2000).

Although Plaintiff requests a remand with a direction to award benefits, ECF No. 9 at 21-22, the Court finds that further administrative proceedings are appropriate. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103-04

REPORT AND RECOMMENDATION - 18

1  (9th Cir. 2014) (remand for benefits is not appropriate when further administrative

2  proceedings would serve a useful purpose).  Here, the overall medical record is

3  minimal; and the ALJ rejected all of the medical opinion evidence from the

4  relevant adjudicatory period, which calls into question whether the assessed RFC is

5  supported by substantial evidence.  "Where," as here, "there is conflicting

6  evidence, and not all essential factual issues have been resolved, a remand for an

7  award of benefits is inappropriate." *Treichler*, 775 F.3d at 1101.  Instead, the

8  Court remands this case for further proceedings.  On remand, the ALJ must

9  reconsider the medical opinion evidence, and provide legally sufficient reasons for

10  evaluating those opinions, supported by substantial evidence.  The ALJ should

11  order additional consultative examinations and/or take additional testimony from

12  medical experts.  Finally, the ALJ should reassess Plaintiff's RFC and, if

13  necessary, take additional testimony from a vocational expert which includes all of

14  the limitations credited by the ALJ.

15  **ACCORDINGLY, IT IS HEREBY RECOMMENDED:**

16      1.  Plaintiff's Motion for Summary Judgment, ECF No. 9, be **GRANTED**;

17      2.  Defendant's Motion for Summary Judgment, ECF No. 11, be **DENIED**.

18      3.  The Court enter **JUDGMENT** in favor of Plaintiff **REVERSING** and

19          **REMANDING** the matter to the Commissioner of Social Security for

20

REPORT AND RECOMMENDATION - 19

further proceedings consistent with this recommendation pursuant to sentence four of 42 U.S.C. § 405(g).

## OBJECTIONS

Any party may object to a magistrate judge's proposed findings, recommendations or report within **fourteen (14)** days following service with a copy thereof. Such party shall file written objections with the Clerk of the Court and serve objections on all parties, specifically identifying the portions to which objection is being made, and the basis therefor. Any response to the objection shall be filed within **fourteen (14)** days after receipt of the objection. Attention is directed to FED. R. CIV. P. 6(d), which adds additional time after certain kinds of service.

A district judge will make a *de novo* determination of those portions to which objection is made and may accept, reject or modify the magistrate judge's determination. The judge need not conduct a new hearing or hear arguments and may consider the magistrate judge's record and make an independent determination thereon. The judge may, but is not required to, accept or consider additional evidence, or may recommit the matter to the magistrate judge with instructions. *United States v. Howell*, 231 F.3d 615, 621 (9th Cir. 2000); 28 U.S.C. § 636(b)(1)(B) and (C), Fed. R. Civ. P. 72; LMR 4, Local Rules for the Eastern District of Washington.

REPORT AND RECOMMENDATION - 20

A magistrate judge's recommendation cannot be appealed to a court of appeals; only the district judge's order or judgment can be appealed.

The District Court Executive is directed to enter this Report and Recommendation, forward a copy to Plaintiff and counsel, and **SET A CASE MANAGEMENT DEADLINE ACCORDINGLY.**

DATED September 14, 2018.

s/Mary K. Dimke
MARY K. DIMKE
UNITED STATES MAGISTRATE JUDGE

REPORT AND RECOMMENDATION - 21